UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICTORIA HARRIS,

        Plaintiff,

                                                  Case Number 05-10294-BC

v.                                            Honorable Thomas L. Ludington

JB ROBINSON JEWELERS,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING AS MOOT DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT, OVERRULING PLAINTIFF'S OBJECTION, AND DISMISSING COMPLAINT WITH PREJUDICE**

On November 15, 2005, Defendant JB Robinson Jewelers ("Defendant") removed Plaintiff Victoria Harris's ("Plaintiff") complaint from Saginaw County Circuit Court on the basis of diversity jurisdiction. Dkt. # 1. Plaintiff's complaint alleges that in August of 2002 she took her wedding ring to Defendant's shop to be resized. Plaintiff alleges that the ring contained a "Starfire" diamond in natural pink, which Defendant allegedly removed from the ring and replaced with a smaller and inferior quality diamond. Plaintiff's complaint alleges causes of action for breach of trust/duty and embezzlement/larceny/conversion/damage to personal property/civil theft.

On May 9, 2008, Defendant requested summary judgment, which this Court referred to Magistrate Judge Charles E. Binder for report and recommendation. On August 21, 2008, Judge Binder concluded that Defendant was entitled to summary judgment because Plaintiff was unable to advance factual support for her assertion that the diamond was indeed replaced. In concluding so, Judge Binder reasoned that (1) lay testimony advanced by Plaintiff was insufficient to establish the character of the diamond because such testimony must be supported by specialized knowledge

and (2) expert opinion testimony advanced by Plaintiff does create a factual dispute in light of countervailing evidence advanced by Defendant.

On October 1, 2008, Plaintiff filed a forty-five page objection accompanied by exhibits. While Plaintiff's objection challenges nearly every paragraph in the magistrate judge's report and recommendation, the primary thrust of her argument is that the magistrate judge incorrectly evaluated the sufficiency of Plaintiff's evidence. First, Plaintiff contends that lay testimony concerning the color of the diamond may properly raise an issue of fact with respect to the diamond being replaced. Dkt. # 84 at 13. Second, Plaintiff disputes the conclusion that testimony from her retained expert does not create an issue of fact with respect to the removal of the center diamond. *Id.* at 27.

A

In opposition to Defendant's motion for summary judgment, Plaintiff advanced the testimony of four lay witnesses that the ring contained a diamond pink in color before taking it to Defendant for resizing. Dkt. # 76 at 46, 50; dkt. # 76 at 4, 14-16. Relying on Fed. R. Evid. 701, the magistrate judge concluded that these lay opinions are inadmissible because judging the quality of a precious stone necessitates specialized knowledge to provide a reliable opinion. Dkt. # 79 at 7 (citing *New Olde Village Jewelers, Inc. v. Outlet Comm., Inc.*, 202 F.3d 269 (table), 2000 WL 64942, *5 (6th Cir. Jan. 14, 200) (unpublished)). Plaintiff asserts that a lay person is able to access the color of a diamond and it is not a circumstance where specialized knowledge is required – e.g., the valuation or grading of a precious jewel.

The purpose of Fed. R. Evid 701 is to eliminate the admission of unreliable testimony. 29 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6251-52 (1997). In

2000, the rule was amended to ensure that lay testimony was not "based on scientific, technical, or other specialized knowledge within the scope of [Fed. R. Evid.] 702." Fed. R. Evid. 701(c). The purpose of this change was to "make[] clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules." Fed. R. Evid. 701, advisory committee notes. Indeed, the amendment was "not intended to affect . . . [testimony] relating to the appearance . . . of things." *Id.* (citing *Asplundh Mfg. Div. v. Benton Harbor Eng' g*, 57 F.3d 1190, 1196 (3d Cir. 1995)). However, the amendment does incorporate "the distinction between lay and expert witness testimony [which] is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *Id.* (citing State v. Brown, 836 S.W.2d 530, 549 (Tenn. 1992)).

In this circumstance, lay testimony concerning the "color" of the ring extends beyond a perception of appearance. In opposition to the motion for summary judgment, Plaintiff relies solely on her opinion and the terse opinions of three acquaintances. With respect to a precious jewel, the color is intertwined with the jewel's quality and value. Indeed, Plaintiff contends that the pink diamond was significantly more valuable than a normal white or clear diamond. Each witnesses' opinion regarding the color of the diamond necessitates a conclusion that the ring contained a pink diamond, which evaluates the quality of the gem.

In contrast, Defendant submitted the affidavit of Martin Fuller ("Defendant's Expert"), a Graduate Gemologist. Dkt. # 66-4. Defendant's expert opines as follows: the diamond in the ring is consistent with its brand and price; the diamond is cut in a manner consistent with the era the ring

was produced; the cleaning of a diamond may dramatically alter its appearance; the setting is not large enough to accommodate the 2.35 carat pink diamond Plaintiff contends is missing; and pink diamonds were rarely used during the period the ring was manufactured and sold. The affidavits offered by Plaintiff and other lay witnesses do not rebut these assertions. In this instance, Plaintiff does not have any objective documentation confirming the conclusion that the ring contained a "pink" diamond and has not raised a triable issue of fact with respect to this allegation.

B

Next, the magistrate judge concluded that the expert report of Arthur DeMello ("Plaintiff's Expert") did not establish a triable issue of fact that the center diamond had been replaced in the ring. Plaintiff's Expert provided the following observations:

> I appraised a ring belonging to [Plaintiff] and noticed the prongs had been repaired. . . . According to [Plaintiff], work was never authorized to be done on the prongs and that raised my concern. The work authorized was that "the ring be sized only" according to [Plaintiff].
>
> I provided an appraisal for [Plaintiff] at estimated retail replacement value. She states the diamond and the gemstones are not the original gemstones of the ring. I have no past definitive information for comparison on this ring that proves to me the gemstones are different other than that the prongs had been re-tipped prior to my examination.
>
> My Basis & Reasoning:
>
> The prongs on Victoria's ring are much larger than what normal prongs would look like on a ring such as hers. These prongs resemble what is customarily referred to in the jewelry business as a (retip job) which is similar to a retread tire. Gold is added to prongs which are either missing or too small to hold a gemstone. These prongs also seem to have a slightly different color hue as compared to the remainder of gold contained in the ring giving the reasoning that the gold was added on.

Dkt. # 61 at 5 (emphasis omitted).

The Court agrees with Judge Binder's conclusion that Plaintiff's expert's "statement does

not even purport to contain a reliable conclusion as to whether the center diamond is the original." Dkt. # 79 at 12. While Plaintiff's expert opines that the tips of the prongs have been retouched, the opinion is equivocal. The opinion is primarily based on Plaintiff's representations concerning the history of the ring and recognizes that the evidence of "re-tipping" is the only indication that the gemstone may be different.

The party opposing a motion for summary judgment may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "[T]he party opposing the summary judgment motion must do more than simply show that there is some metaphysical doubt as to the material facts." *Highland Capital, Inc. v. Franklin Nat. Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994), and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quotations omitted)).

Although evidence of the alteration of the prongs supports Plaintiff's theory, it is insufficient to create a factual dispute, in and of itself, when compared to opinions presented by the opinions of Defendant's expert. Defendant's expert opined that cleaning a diamond can dramatically change its physical appearance, it was unlikely for that ring of that era to contain a pink diamond and that the shape of the diamond currently in the ring is consistent with cutting practices around the time of purchase. Dkt. # 66-4 at ¶¶ 5, 9-17. Importantly, Defendant's expert opined that the prongs and

setting would not accommodate a diamond of the size of Plaintiff's alleged pink diamond. *Id.* at ¶ 18-22. Plaintiff has not rebutted these conclusions. As Judge Binder reasons, Plaintiff's "re-tipping" theory "supports the notion that the ring was altered to place a larger rather than a smaller stone in the setting." Dkt. # 79 at 12. The Court agrees that the opinions of Plaintiff's Expert does not "outline a line of reasoning arising from a logical foundation" and does not establish a triable issue of fact. *Id.* at 8 (citing *Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 664 (6th Cir. 2005)).

C

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 79] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's Objection [Dkt. # 84] is **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 66] is **GRANTED** and Defendant's motion for more definite statement [Dkt. # 64] is **DENIED** as moot.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 11, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 11, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS