UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICTORIA HARRIS,

                    Plaintiff,

                                                    Case Number 05-10294-BC
v.                                                  Honorable Thomas L. Ludington

JB ROBINSON JEWELERS,

                    Defendant.
_____ /

## MEMORANDUM OPINION PROVIDING AN EXPLANATION OF THE DRAFT JURY INSTRUCTIONS AND CLARIFYING OTHER PRETRIAL MATTERS

In order to provide a clear record of the Court's decision making process and a full explanation of the jury instructions, particularly to Plaintiff Victoria Harris who is appearing pro se, the Court has elected to provide a written explanation of its decisions regarding the statement of the case that will be read to the jury before trial and the jury instructions that will be provided at trial. Part I is a written statement of the case that the Court will read to the jury before trial. Part II explains the Court's decisions with regard to pre-trial disputes about the jury instructions and other matters. Any objections must be filed with the clerk of court on or before 5:00 p.m. on Monday March 14, 2011.

**I**

Plaintiff Victoria Harris contends that when she and her husband Arthur were married in 1973, he gave her a diamond wedding ring that he purchased from Hatfield Jewelers for $395. According to Ms. Harris, the ring featured a flawless 2.35 carat pink diamond in the center with several smaller stones around it. Twenty-nine years later, in August 2002, Ms. Harris brought the ring to a store owned by Defendant JB Robinson Jewelers at the Fashion Square Mall in Saginaw

to have it resized. Ms. Harris contends that when she returned to the store eleven days later to pick up her ring, the alterations to the ring were much more significant than she had requested. The ring had been cleaned and the prongs holding the 2.35 carat center stone had been cut down. Most importantly, the center stone had been removed and replaced with a much smaller colorless stone.

JB Robinson agrees that Ms. Harris's ring was purchased from Hatfield Jewelers in 1973 for $395, and brought to JB Robinson's Saginaw location for resizing in August 2002. JB Robinson contends that store personnel cleaned the ring and resized it, but that they did not make any alterations to the setting or the center stone. According to JB Robinson, the prongs were not altered and the center stone was not switched. JB Robinson contends that the .29 carat colorless center stone that was in the ring when it was returned to Ms. Harris was the same stone that was in the ring when it was first sold to her husband in 1973.

## II

## A

In Defendant's proposed jury instructions, the company suggests that a breach of contract instruction would be appropriate. The Plaintiff, by contrast, seeks a conversion, theft, or embezzlement instruction. The complaint does not state a claim for breach of contract. Rather, it identifies breach of trust, breach of duty, willful intent, embezzlement, larceny, conversion, damage to personal property, and civil theft as the applicable causes of action. There is no reason to manufacture a breach of contract claim, particularly where the other causes of action identified in the complaint fit the facts of the case at least as well.

Ms. Harris contends that JB Robinson damaged her ring by cutting down the prongs holding the center diamond and that JB Robinson also removed the center stone and kept it. If the

allegations are true, JB Robinson engaged in "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with, that person's rights." 2 Torts: Michigan Law and Practice § 13.51 (Linda Miller Atkinson, et. al, eds. 2000 & Supp. 2009). While Defendant's alleged conduct might also have been a breach of contract, if Plaintiff had alleged that cause of action, the conduct would clearly support a claim for conversion and damage to personal property. Thus, the jury will be instructed on conversion, and not breach of contract. Plaintiff has not identified any legal authority for her apparent suggestion that "theft" or "embezzlement" are separate causes of action that merit separate instructions.

**B**

The next question is whether Plaintiff may be entitled to treble damages on her conversion claim. Under current Michigan law, a "person damaged as a result of . . . [a]nother person's stealing or embezzling property or converting property to the other person's own use . . . may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees[.]" Mich. Comp. Laws § 600.2919a(1)(a). The provision would entitle Plaintiff, if the alleged theft occurred today, to recover treble damages if she were to prevail on her conversion claim. But the provision was not added to the statute until 2005. As initially adopted in 1973, the statute only provided treble damages against the "fence"—a person who buys, receives, or conceals property that person knows to be stolen—not the actual thief. Thus, when the alleged conversion occurred in 2002, Plaintiff may have been entitled to seek treble damages from the person who allegedly bought or received the pink diamond from Defendant, but not from Defendant directly. *See Thomas v. Mussog*, No. 278060, 2008 WL 1991718, at *2 (May 8, 2008) (per curiam) (concluding that Michigan's statutory conversion law, as amended, only applies to causes of action that arose after June 16, 2005).

-3-

Consequently, Plaintiff is not entitled to treble damages if she prevails on her conversion claim.

## C

The next question is whether Plaintiff may be entitled to compensation for the alleged emotional harm she suffered as a result of Defendant's conduct. "The general rule for the measure of damages for conversion is the value of the converted property at the time of the conversion." *Ehman v. Libralter Plastics, Inc.*, 523 N.W.2d 639, 639 (Mich. Ct. App. 1994) (per curiam) (citing *Baxter v. Woodward*, 158 N.W. 137 (Mich. 1916)). "Damages in a conversion case include interest from the date of the conversion." *Id.* at 640. Other damages, including the "value of the use of the converted property" are not recoverable. *Id.* at 639. Generally speaking, a plaintiff may not recover for "emotional injuries allegedly suffered as a consequence of property damage." *Koester v. VCA Animal Hosp.*, 624 N.W.2d 209, 211 (Mich. Ct. App. 2000). Thus, noneconomic damages for pain and suffering or emotional distress are not recoverable pursuant to Plaintiff's conversion claim.

## D

Having concluded that Plaintiff is not entitled to damages based on emotional harm pursuant to her conversion claim, it may nevertheless be appropriate to instruct the jury on intentional infliction of emotional distress. Although the phrase "intentional infliction of emotional distress" does not appear in Plaintiff's complaint, she indicates that she will be seeking compensation for "emotional suffering" and identifies "willful intent" as one of her causes of action. Construing the complaint liberally in her favor, it is possible to identify an intentional infliction of emotional distress claim. Thus, an intentional infliction of emotional distress instruction will be provided.

## E

Finally, on March 8, 2011, the Plaintiff delivered a letter to the Court, seeking clarification

of several items that were discussed at the February 22, 2011 final pretrial conference. First, lay witnesses, including the Washingtons and Ms. Easley, will be permitted to testify as to the color of Plaintiff's diamond. Technical or scientific testimony that requires specialized knowledge, however, may only be offered by a qualified expert. Fed. R. Evid. 702.

Second, as discussed above, the jury will be instructed on Plaintiff's conversion claim, but there is no identified justification for providing separate instructions based on "larceny, embezzlement, or any other type of theft." Larceny and embezzlement are common law crimes, but Plaintiff has not presented any authority to identify them as independent civil causes of action in Michigan.

Third, as discussed during the final pretrial conference, Plaintiff will be required to ask and then answer her own questions when she testifies before the jury during the trial. In other words, she will be required to state the question and then state the answer. For example, the transcript of Plaintiff's testimony may read:

Ms. Harris: Will you please state your name for the record?

Ms. Harris: My name is Victoria Harris.

Ms. Harris: Where do you live Ms. Harris?

Ms. Harris: I live at 3256 S. Auburn Drive, in Saginaw, Michigan.

Although it may seem unusual for Plaintiff to ask and then answer her own questions, it is required to provide Defendant with an opportunity to object to irrelevant or impermissible testimony before it is provided to the jury. When Plaintiff is addressing the jury during voir dire and opening and closing arguments, however, she will be permitted to present her arguments based on the evidence as a monologue.

-5-

Fourth, when the Court "overrules" an objection, it means that the Court has determined that the objection is not merited by the rules and the evidence should be permitted. By contrast, if an objection is "sustained," it means that the evidence is prohibited by the rules and may not be presented to the jury.

### III

A draft of the jury instructions is attached to this memorandum opinion as an appendix. It is **ORDERED** that any additions, corrections, or objections must be filed on the docket or with the clerk's office before 5:00 p.m. on Monday March 14, 2011.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 10, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on  Victoria Harris, at  3256 S. Auburn Drive, Saginaw, MI 48601-4504 by first class U.S. mail on March 10, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

-6-

# APPENDIX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICTORIA HARRIS,

                Plaintiff,

                                    Case Number 05-10294-BC
v.                                   Honorable Thomas L. Ludington

JB ROBINSON JEWELERS,

                Defendant.

_____/

**DRAFT JURY INSTRUCTIONS**
March 10, 2011

## I.    <u>GENERAL INSTRUCTIONS</u>

(1)    Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)    I will start by explaining your duties and the general rules that apply in every civil case.

(3)    Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(4)    Then I will explain the elements, or parts, of the claim that the Plaintiffs have made against the Defendant.

(5)    And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)    Please listen very carefully to everything I say.

(7)    I have given each of you a copy of these instructions for your use while deliberating.  They are available to each of you.  If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

**Duties of Judge and Jury**

(1)    You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)    Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proved her claims against the Defendant by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)    The parties may talk about the law during their arguments.  But if what they

say is different from what I say, you must follow what I say.  What I say about the law controls.

(4)     Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## II.     EVALUATION OF THE EVIDENCE

**Evidence**

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the parties agreed to.

(3)     Nothing else is evidence.  The parties' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the parties asked.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

(6)     You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**Inferences**

(1)     You are to consider only the evidence in the case.  However, you are not

limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

(2)    "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in this case.

## Prior Inconsistent Statements

(1)    If you decide that a witness said something earlier that is not consistent with what the witness said in court, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

(2)    However, there are exceptions. You may consider an earlier statement as proof of the facts in this case if:

    (a)    The statement was made by the Plaintiff, the Defendant, or an agent or employee of either party; or

    (b)    The statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or

    (c)    The witness testified during the trial that the earlier statement was true.

## Deposition Testimony

(1)    During the trial, certain evidence was presented to you by the reading of depositions.  A deposition is a record of the sworn testimony of parties or witnesses taken before an authorized person.  All parties and their attorneys had the right to be present and to examine and cross-examine the witnesses.

(2)    This evidence is entitled to the same consideration as you would give the same testimony had the witnesses testified in open court.

## Witnesses – Credibility

(1)    Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You

-3-

are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)    Let me suggest some things for you to consider in evaluating each witness's testimony.

    (a)    Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

    (b)    Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

    (c)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

    (d)    Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

    (e)    Ask yourself if the witness had any relationship to the Plaintiff or the Defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

    (f)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

    (g)    And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two

-4-

honest people who witness the same event may not describe it exactly the same way.

(3)    These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## Weighing Conflicting Evidence – Number of Witnesses

(1)    Another point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)    Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## Presentation of Witnesses/Exhibits

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## Direct and Circumstantial Evidence

(1)    Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)    Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)    Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Expert Witnesses – Opinion Testimony

(1)     An expert gemologist has testified in this case. When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field—one who is called an expert witness—is permitted to state an opinion concerning those technical matters.

(2)     Merely because such an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## Objections

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the claim that the Plaintiff asserts against the Defendant.

(2)     The parties objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## Business Organizations Entitled to Unprejudiced Treatment

(1)     The Defendant in this case is a corporation. Business entities are entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and it is your duty to decide the case with the same impartiality you would use in deciding a case between individuals.

## Conclusion to Evaluation of Evidence

(1)    That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of the claim that the Plaintiff assert against the Defendant.

(2)    But before I do that, I want to emphasize that the Defendant is only on trial for the particular claims listed in the Plaintiff's complaint.  Your job is limited to deciding whether the Plaintiff has proved the claims she asserts.

## III.   SUBSTANTIVE INSTRUCTIONS

### Burden of Proof – Preponderance of the Evidence

(1)    The party with the burden of proof must establish each claim by a preponderance of the evidence.  That means the evidence supporting the issue outweighs the evidence against it.  In other words, when I say a party must establish something "by the preponderance of the evidence," I mean that party must prove that something is more likely true than it is not true.

(2)    You must consider all the evidence regardless of which party produced it.

### Conversion Claim

(1)    The Plaintiff contends that the Defendant is liable for conversion.  Conversion is a distinct act of dominion wrongfully exerted over another person's personal property in denial of, or inconsistent with, that person's rights.

(2)    To prevail on her conversion claim, the Plaintiff must demonstrate both of the following elements by a preponderance of the evidence:

(a)    that the Plaintiff owned and was entitled to posses the ring; and

(b)    that the Defendant altered the ring without the Plaintiff's permission by removing the center diamond and replacing it with a less valuable stone and/or altering the prongs securing the center diamond.

(3)    If you find that the Plaintiff has proved each of the elements by a preponderance of the evidence, your verdict will be for the Plaintiff on the conversion claim.  If you find that the Plaintiff has not proved either element by a preponderance of the evidence, your verdict will be for the Defendant on the conversion claim.

-7-

**Intentional Infliction of Emotional Distress**

(1)     The Plaintiff also contends that the Defendant is liable for the intentional infliction of emotional distress.  To prevail on her intentional infliction of emotional distress claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

        (a)     that the Defendant acted with intent to cause the Plaintiff severe emotional distress or was so reckless that any reasonable person would know that severe emotional distress would result;

        (b)     that the Defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community;

        (c)     that the Plaintiff suffered severe emotional distress; and

        (d)     that the Defendant's outrageous act caused the Plaintiff's emotional distress.

(2)     If you find that the Plaintiff has proved each of the elements by a preponderance of the evidence, your verdict will be for the Plaintiff on the intentional infliction of emotional distress claim.  If you find that the Plaintiff has not proved any one element by a preponderance of the evidence, your verdict will be for the Defendant on the intentional infliction of emotional distress claim.

## IV.  DAMAGES

(1)     If your verdict is for the Plaintiff on her conversion claim, then the measure of the Plaintiff's damages will be the fair market value of the ring at the time and place of the conversion.  Fair market value is the price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length transaction.

(2)     If your verdict is for the Plaintiff on her intentional infliction of emotional distress claim, you must determine the amount of money which reasonably, fairly, and adequately compensates her for the mental anguish that resulted from Defendant's conduct, taking into account the nature and extent of the injury.

(3)   Plaintiff has the burden of proving her entitlement to damages by a preponderance of the evidence. Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not upon speculation, guess, or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict must be solely to compensate the Plaintiff for her damages, and not to punish the Defendant.

## Closing Statements

(1)   Shortly, we will hear the closing arguments of the parties. Please pay attention to the arguments, but remember that the closing arguments are not evidence but are only intended to assist you in understanding the evidence and the theory of each party. You must base your decision only on the evidence.

(2)   Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Plaintiff has proved her claims against the Defendant by a preponderance of the evidence.

## V.   DELIBERATIONS AND CONCLUDING INSTRUCTIONS

## Deliberations and Verdict

(1)   Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)   The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

## Communications with the Court and Other Jurors

(1)   Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign and date them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

-9-

(2)     During your deliberations, you must not communicate with or provide information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or Web site such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

## Communications About Deliberations

(1)     Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 3-3 or 4-2, or whatever your vote happens to be.  That should stay secret until you are finished.

## Exhibits

(1)     I will send the exhibits into the jury room with you.

## Decision Based Only on Evidence

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)     Make your decision based only on the evidence that you saw and heard here in court.

## Notes of Trial

(1)     Some of you have taken notes during the trial.  Whether or not you took notes, you should not be influenced by the notes of another juror, but you should rely

-10-

on your own memory of what was said.  Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

## Reaching Your Decision

(1)  Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)  Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proven the Defendant liable by a preponderance of the evidence.

## Verdict

(1)  I have prepared an original verdict form that you should use to record your verdict.  It will be provided to you in a brown folder.  Each of you has been furnished with a copy of the verdict form to aid you in your deliberations.  However, when you reach your decision, your foreperson should complete only the official verdict form.

(2)  Follow the instructions on the form and fill in the answers to the questions by having your foreperson mark the appropriate place on the forms.

(3)  When you have completed the form according to the instructions, your foreperson should then sign the form, put the date on it, and return it to me.

(4)     Your verdict for each question on the verdict form must be unanimous.

(5)     To reach a unanimous verdict of yes on any question, every one of you must agree that the party with burden of proof on that question has met their burden of proof by a preponderance of the evidence.

(6)     To return a unanimous verdict of no, every one of you must agree that the party with the burden of proof on that question has not met their burden of proof by a preponderance of the evidence.

(7)     Either way, your verdict must be unanimous.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICTORIA HARRIS,

                Plaintiff,

                                            Case Number 05-10294-BC

v.                                        Honorable Thomas L. Ludington

JB ROBINSON JEWELERS,

                Defendant.
_____/

## **Verdict Form**

Please answer the following questions.  Your answers must be unanimous.

## **Part I: Liability**

(1)      Did the Plaintiff prove by a preponderance of the evidence that the Defendant is liable for conversion?

                    _____ Yes
                    _____ No

(2)      Did the Plaintiff prove by a preponderance of the evidence that the Defendant is liable for intentional infliction of emotional distress?

                    _____ Yes
                    _____ No

If you answered "yes" to question 1 and/or question 2, go on to Part II: Damages.  If your answer was "no" to both questions, do not answer any further questions.

-13-

**<u>Part II: Damages</u>**

 (1) What is the total amount of Plaintiff's damages on her conversion claim?

    Answer in Dollars $ _____

 (2) What is the total amount of Plaintiff's damages on her intentional infliction of emotional distress claim?

    Answer in Dollars $ _____

      _____

             Foreperson

Dated:_____